UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARBBIE M. HODGE, | No. 2:14-cv-3000-EFB P |
| Petitioner, | |
| v. | ORDER |
| EDMOND G. BROWN, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings, and finds that the petition is second or successive and must therefore be dismissed.

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

In the present action, petitioner challenges the Governor's October 21, 2011 decision that petitioner was unsuitable for parole. ECF No. 1. Court records reveal that petitioner previously challenged this decision in an earlier action. *See Hodge v. Cate*, No. 2:12-cv-1471-CKD (E.D. Cal.). The earlier filed action was dismissed because the facts alleged in the petition did not entitle petitioner to habeas relief as a matter of law. *See Hodge*, No. 2:12-cv-1471-CKD (E.D. Cal. Aug. 6, 2012) (summarily dismissing petition under Rule 4 of the Rules Governing § 2254 Cases for failure to state a federal claim). Thus, the earlier filed action was summarily dismissed on the merits. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Since petitioner challenges the same judgment now that he previously challenged and which was adjudicated on the merits, the petition now pending is second or successive.

Petitioner offers no evidence that the appellate court has authorized this court to consider a second or successive petition. Since petitioner has not demonstrated that the appellate court has authorized this court to consider a second or successive petition, this action must be dismissed for lack of jurisdiction. *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

Accordingly, it is hereby ORDERED that this action is dismissed for lack of jurisdiction and the court declines to issue a certificate of appealability.

DATED: March 11, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2